## EFFECT OF RELEASE OF ONE JOINT TORT FEASOR.

Common Pleas Court of Franklin County.

CHARLES A. MOORE v. P., C., C. & ST. L. RAILWAY CO.

Decided, March 26, 1908.

*Joint Tort Feasors—Are Not Joint Debtors, Unless—Construction of Sections 3162 and 3166—Negligence—Words and Phrases.*

Joint tort feasors are not joint debtors, within the meaning of Section 3166, until the claim has been reduced to judgment or otherwise liquidated by the parties; and it follows that the release of one joint tort feasor operates as a discharge of all others jointly liable for the same tort.

*Ulric Sloane* and *E. G. Lloyd,* for plaintiff.
*Henderson, Livesay & Burr,* contra.

Rogers, J.

Heard on demurrer to answer.

This action is one for personal injury to plaintiff, who was at the time in the employ of the Baltimore & Ohio Railroad Company as an engineer, and the accident occurred to him while running his train on the railroad jointly operated by the two companies between Columbus and Newark, and resulted, as he claims, from a collision between his train and the defendant's engine, negligently permitted by defendant to be on the track where plaintiff was operating his train.

The defendant files an answer containing two defenses, in the second of which it pleads facts showing that the act which produced the injury was the joint act of the two companies, and alleges that the Baltimore & Ohio Railroad Company, for a valuable consideration, obtained a full release from the plaintiff for the injury of which he complains.

To this second defense the plaintiff demurs generally, and contends that a release of one joint tort feasor does not discharge the other, founding his contentions on Sections 3162-3166, Revised Statutes, the latter of which sections provides, in substance, that joint debtors may individually compromise for their joint ndebtedness without impairing the right of the creditor to proceed against other joint debtors not so discharged.

It being conceded that the second defense of the answer shows that the defendant and the Baltimore & Ohio Railroad Company, if liable at all were liable as joint tort feasors, the question presented is this: Does the statute above mentioned, which provides that the discharge by a creditor of one joint debtor shall not operate as a discharge of the other, apply to joint tort feasors, so as to preserve the right to proceed against one after the other has been released?

I have examined the authorities relied on by plaintiff's counsel, including the case of *Jenkins* v. *Pachoud*, 5 O. L. R., 172. From these and other authorities investigated, I am unable to reach the conclusion that the discharge by one joint tort feasor does not discharge the other. The cases relied on as authority in *Jenkins* v. *Pachoud* do not appear to me to sustain that decision.

In the case of *Piatt* v. *Longworth,* 27 Ohio St., 159, the statute in question was not the basis of the decision. In *Spencer* v. *Spencer,* 53 Ohio St., 682 (35 Bull., 4), decided by the Supreme Court without report, the liability for the tort had been reduced to judgment, and such judgment was clearly a debt of record, although growing out of a tort. The relation of judgment debtor and judgment creditor then existed between the parties as a result of the judgment. In *Strabler* v. *Bridge Co.,* 11 Circ. Dec., 87, the case was not one of joint liability at all; nor does the court refer to the statute in question. Section 3166, Revised Statutes, uses the words "joint debtors," "joint indebtedness," and "creditors." The statute is in derogation of the common law, and therefore should receive a strict construction. While there are some authorities to the contrary, the better weight of the authority, as it appears to me, sustains the proposition that tort feasors are not debtors, and that liabilities for torts are not debts until judgment or other liquidation of the liability by the parties.

In *Rider* v. *Fritchey,* 49 Ohio St., 285, where the word "dues" was under consideration by the court, in the opinion the court collated the cases on the subject of what was meant by the word "debt." These cases will be found on page 293. The court in that case did not decide as to whether a debt included a liability for a tort, as it was not necessary to do so. But I cite these cases that counsel may refer to them.

From an extended examination I am satisfied that the words "joint debtors" and "indebtedness" as used in the statute do not include liability for torts if the rule requiring a strict construction of the statute is applied, and applying such rule strictly, as I believe it should be applied, I have concluded that joint tort feasors are not included within the words "joint debtors" as used in the statute, and that the second defense of the answer is invulnerable to demurrer.

The demurrer is therefore overruled and exceptions entered for the plaintiff.